DA 10-0624

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2011 MT 161N

OLIVER EMANUEL PEARSON,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DV 09-917(B) Honorable Katherine R. Curtis, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Oliver Emanuel Pearson (Self-Represented), Glendive, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana

Submitted on Briefs: June 8, 2011

Decided: June 28, 2011

Filed:

_____
                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Oliver Emanuel Pearson (Pearson) appeals the District Court's order denying his petition for postconviction relief. We affirm.

¶3 Pearson lost control of the car he was driving and rolled on a curve on Highway 35 near Woods Bay, just south of Bigfork, Montana, on July 12, 2008. The passenger was ejected and sustained permanent injuries, including the loss of use of an arm and a leg. The State charged Pearson with three separate felonies: negligent vehicular assault, criminal endangerment, and failure to remain at the scene of a serious bodily injury accident. Pearson entered a plea of no contest to the count of failure to remain at the scene. The State dismissed the remaining counts of criminal endangerment and negligent vehicular assault. The State also withdrew its notice of intent to seek Pearson's designation as a persistent felony offender. The District Court committed Pearson to the Department of Corrections for a period of five years, suspended, to run concurrently with the sentence for which he was on parole at the time of his plea.

¶4 Pearson filed his first petition for postconviction relief on July 15, 2009, in which he sought to withdraw his guilty plea. Pearson alleged ineffective assistance of counsel

and a lack of mental capacity at the time that he had entered his plea. The District Court denied Pearson's petition on September 29, 2009, based in part upon the affidavit of Pearson's trial counsel, the record of the change of plea hearing, and the report from the doctor who had examined the medical records for Pearson before Pearson had entered his plea.

¶5 Pearson wrote a letter to the District Court on October 19, 2009, in which he announced that he intended to appeal the ruling and asked for appointed counsel. The next day the court appointed the Office of State Public Defender to represent Pearson. Pearson filed a notice of appeal in District Court on December 4, 2009. Apparently neither Pearson, nor the public defender, was aware, however, of the fact that the court had appointed the public defender to represent Pearson. One of the trial court's judicial assistants notified Pearson and the public defender of the appointment around April 6, 2010.

¶6 Pearson, still acting self-represented, filed a second petition for postconviction relief on March 15, 2009, in which he sought to withdraw his guilty plea and a new trial. The Office of State Public Defender finally entered an appearance on May 14, 2010, and submitted a motion for new trial on Pearson's behalf. Pearson alleged that he had newly discovered evidence that he was not operating the motor vehicle at the time of the accident. The District Court denied Pearson's second petition for postconviction relief on November 9, 2009. The court determined that Pearson had failed to meet the requirements for newly discovered evidence and the court further determined that

Pearson had failed to show he could not reasonably have raised these same grounds in his first petition, or in the immediate petition. Pearson appeals.

¶7     We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, 88 P.3d 1285. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court's findings of fact were not clearly erroneous and that its conclusions of law were correct. *Davis*, ¶ 13.

¶8     Affirmed.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT